UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ANDREWS,<br><br>　　　　　Petitioner,<br><br>v.<br><br>MIKE KNOWLES, Warden, et al.,<br><br>　　　　　Respondents. | Case No. 10cv2109-BEN (BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL**<br><br>[ECF No. 19] |

On March 10, 2011, Petitioner, a state prisoner proceeding *pro se*, moved this Court to appoint counsel. Doc. No. 12. The Court denied his request on March 17, 2011, finding that Petitioner had failed to establish the requisite "exceptional circumstances" to justify appointment of counsel. ECF No. 14. Petitioner now seeks reconsideration of the Court's Order. ECF No. 19. In support of his motion, Petitioner presents additional facts and argument, which he contends provide justification for alteration of the Court's prior findings and warrant appointment of counsel. Id. at 1-3.

## **LEGAL STANDARD**

Pursuant to Civil Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." CivLR 7.1(i)(1); see also United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (explaining that where reconsideration of a non-final order is sought, the district court has inherent jurisdiction to modify, alter, or revoke its earlier ruling). The party seeking reconsideration must show "what new or different facts and

circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1(i)(1). Civil Local Rule 7.1(i)(2) permits motions for reconsideration within twenty-eight (28) days of the entry of the ruling sought to be reconsidered.

## DISCUSSION

In his previous motion, Petitioner stated that he has a disability, but he did not provide any evidence in support of the alleged disability. See ECF No. 12. In his instant motion, Petitioner includes a declaration from a fellow inmate as well as numerous medication consent forms and physician's orders for medication. ECF No. 19 at 5-6, 19-33. Petitioner explains that the fellow inmate is "a jail house litigate whom has authored everything within [Petitioner's] Federal Writ and proceedings" (id. at 1), and the inmate himself avers that "[w]ithout my assistance [Petitioner] would not have been able to present this, Motion For Appointment Of Counsel, nor file his writ of habeus [sic] corpus . . . ." (id. at 6). Petitioner further explains that this jail house litigate may soon be transferred, and Petitioner asserts that without the assistance of either the jail house litigate or counsel, he will be unable to further pursue habeas relief. Id. at 3. Petitioner also states that in addition to his "mental illness and low cognitive functions," he "suffered and still suffers from severe side effects after attempting to quit his psychotropic medication 'cold turkey' in hopes to be cognitive enough to at the least achieve assistance in pursuing his post conviction relief." Id. at 2, 3.

As an initial matter, the Court notes that Petitioner's request for reconsideration is untimely, as more than twenty-eight days have passed since the Court denied his first request. See CivLR 7.1(i)(2). However, in light of Petitioner's *pro se* prisoner status and in the interest of justice, the Court will consider the request on the merits.

As this Court explained in its March 17, 2011 Order, a state prisoner has no Sixth Amendment right to the assistance of counsel in federal habeas proceedings. See McCleskey v. Zant, 499 U.S. 467, 495 (1991); see also Nevius v. Sumner, 105 F.3d 453, 459 (9th Cir. 1996); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B);

Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990) (citing 18 U.S.C. § 3006A(a)(2)(B)). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. See Bonin v. Vasquez, 999 F.2d 425, 428-29 (9th Cir. 1993).

The court's discretion to appoint counsel may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).[1] "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (citations and internal quotation marks omitted).

Having reviewed Petitioner's additional factual assertions and arguments, the Court finds that they do not present a basis for reversing its prior decision. The thrust of Petitioner's argument is that he requires the assistance of counsel because he is mentally incompetent and incapable of understanding how to proceed with presenting his case. ECF No. 19 at 3. However, the facts do not support Petitioner's allegation that he is unable to litigate this matter on his own. The trial court did not find Petitioner incompetent to stand trial and Petitioner provides no documentation from a physician regarding the level of his mental functioning. Although Petitioner provides medication consent forms and physician's orders for medication, no documents detail precisely why or for what mental illness(es) Petitioner has been prescribed these medications. Similarly, although Petitioner asserts that he suffers side effects from his medications, the Court is uncertain as to what medications, if any, Petitioner is currently taking because only two of the medication-related documents Petitioner submitted are from 2011 (id. at 19-20) and Petitioner himself indicates that he may have quit taking his medication (id. at 2).

Additionally, this Court again reviewed Petitioner's typed petition and still finds that

---

[1] The Terrell court cited 28 U.S.C. § 1915(d), but the legislature subsequently renumbered this section as 28 U.S.C. § 1915(e)(1).

Petitioner adequately presented his arguments and the issues are not so complex that failure to appoint counsel is likely to result in due process violations. See Bonin, 999 F.2d at 428-29. That is, regardless of whether or not Petitioner has consistently obtained assistance from a "jail house litigate," Petitioner has adequately articulated his claims *pro se* such that this Court can discern both the factual and legal bases for his claims. Moreover, to the extent that any ambiguity as to Petitioner's claims exists, the Court notes that Petitioner presented the same four claims to the California Court of Appeal and/or the California Supreme Court with the assistance of counsel. ECF No. 4 at 2-3, 7-11. The Court need not appoint counsel when the Court can determine the merits based upon the existing state court record. See Knaubert v. Goldsmith, 791 F.2d 722, 729 (9th Cir. 1986) (per curiam) (concluding that when a court properly declines to hold an evidentiary hearing, the court's denial of a motion to appoint counsel does not amount to a denial of due process).

## CONCLUSION AND ORDER

The Court continues to conclude that Petitioner's submissions have shown an adequate grasp of the legal issues in this case and Petitioner has not demonstrated that the matters are so complex that a due process violation would result. See Bonin, 999 F.2d at 428-29. The Court also finds that while Petitioner has asserted sufficient facts to state a claim for federal habeas relief, he has not established a likelihood of success on the merits. See Terrell, 935 F.2d at 1017. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). Accordingly, Petitioner's motion for reconsideration and for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: June 1, 2011

BARBARA L. MAJOR
United States Magistrate Judge