# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ANDREWS,<br><br>                      Petitioner,<br>vs.<br><br>MIKE KNOWLES, Warden, et al.,<br><br>                      Respondents. | CASE NO. 10cv2109 BEN (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION** |

Petitioner Marcus Andrews filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent moved to dismiss the Petition as time-barred by the applicable statute of limitations and for failure to exhaust his state remedies. Dkt. No. 9. After three extensions of time to respond, Petitioner filed an Opposition. Dkt. No. 26.

Magistrate Judge Barbara L. Major issued a thoughtful and thorough Report and Recommendation recommending Respondent's motion be granted and the Petition be dismissed as untimely. Dkt. No. 27. Any objections to the Report and Recommendation were due August 24, 2011. *Id.* Petitioner did not file any objections. Having reviewed the matter de novo and for the reasons that follow, the Report and Recommendation is **ADOPTED** and the Petition is **DISMISSED with prejudice**.

///

///

1   A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. §636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original), *cert denied*, 540 U.S. 900 (2003); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. Accordingly, the Court may grant Respondent's motion to dismiss on this basis alone.

The Court has, however, reviewed the matter de novo and agrees that the motion to dismiss should be granted because the Petition is time-barred by the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. The statute of limitations expired on January 14, 2010. The Court agrees with the Magistrate Judge's finding that Petitioner was entitled to statutory tolling, but that tolling only extended the deadline until March 17, 2010 and Petitioner did not file his Petition until September 20, 2010. Furthermore, the Court agrees that Petitioner is not entitled to equitable tolling.

In the absence of any objections and after a de novo review, the Court fully **ADOPTS** Judge Major's Report and Recommendation. The Petition is **DISMISSED with prejudice** as time barred.

**IT IS SO ORDERED.**

DATED: September 2, 2011

Hon. Roger T. Benitez
United States District Judge