FILED
MAY 11 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ANDREWS,<br><br>　　　　　　　　　　　Petitioner,<br><br>　　vs.<br><br>MIKE KNOWLES, Warden; and BILL LOCKYEAR, Attorney General,<br><br>　　　　　　　　　　　Respondents. | CASE NO. 10cv2109 BEN (BLM)<br><br>ORDER:<br><br>(1) ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS, [Doc. No. 27];<br><br>(2) DISMISSING PETITION; and<br><br>(3) DENYING CERTIFICATE OF APPEALABILITY. |

　　　　Petitioner Marcus Andrews filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). Respondent moved to dismiss the Petition as time-barred by the applicable statute of limitations and for failure to exhaust state remedies. After three extensions of time to respond, Petitioner filed an opposition to the motion to dismiss. Magistrate Judge Barbara L. Major issued a thoughtful and thorough Report and Recommendation, recommending that Respondent's motion to dismiss be granted and the Petition be dismissed as untimely. [Doc. No. 27.] Petitioner did not timely file any objections. On September 2, 2011, the Court conducted a *de novo* review, adopted the Report and Recommendation, and dismissed the Petition with prejudice as time-barred. [Doc. No. 28.] On September 12, 2011, Petitioner filed a request to extend the time to file his objections. The request was granted. After an additional extension of time, Petitioner filed his objections to the Report and

1  Recommendation on November 28, 2011. The Court has now conducted a second *de novo* review,
2  considering Petitioner's objections, and again **ADOPTS** the Report and Recommendation,
3  **DISMISSES** the Petition with prejudice, and **DENIES** the certificate of appealability.

## LEGAL STANDARD

5  "The district judge must determine de novo any part of the magistrate judge's disposition that
6  has been properly objected to." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The district
7  judge "may accept, reject, or modify the recommended disposition" of the magistrate judge. FED. R.
8  CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Section 636 "makes it clear that the district judge
9  must review the magistrate judge's findings and recommendations de novo *if objection is made*, but
10 not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)
11 (emphasis in original); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). Thus,
12 "[n]either the Constitution nor the statute requires a district judge to review, de novo, findings and
13 recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

## DISCUSSION

15 The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year
16 statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28
17 U.S.C. § 2244(d)(1). In this case, Petitioner does not object to the Magistrate Judge's determination
18 that the judgement of the California Supreme Court became final and the statute of limitations began
19 to run on January 14, 2009—ninety days after the California Supreme Court decision. *See Bowen v.
20 Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Neither does Petitioner object to the Magistrate Judge's
21 determination that Petitioner is entitled to statutory tolling from October 20, 2009 until December 21,
22 2009, during which time his state habeas petition was pending in the California Superior Court. *See*
23 28 U.S.C. § 2244(d)(2). Rather, Petitioner contends he is entitled to equitable tolling in addition to
24 statutory tolling. The Court will address each of Petitioner's tolling arguments in turn.

25 First, Petitioner objects to the Magistrate Judge's determination that he is not entitled to
26 equitable tolling due to his lack of formal education. He contends that he is entitled to equitable
27 tolling because his lack of formal education and illiteracy constitute extraordinary circumstances that
28 prevented him from timely filing his Petition. Petitioner claims he did not acquire the ability to read

or write until October 20, 2009, the date he received his GED. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citation and internal quotation marks omitted). In this case, the Magistrate Judge correctly determined that Petitioner's allegations of lack of formal education and illiteracy were insufficient to demonstrate "extraordinary circumstances" to entitle him to equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (pro se petitioner's illiteracy and lack of knowledge of the law did not constitute sufficient cause to excuse his procedural default).

Second, Petitioner contends that he is entitled to equitable tolling due to his mental incompetence. The Ninth Circuit has held that "a 'putative habeas petitioner's mental incompetency is a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control,' so 'mental incompetency justifies equitable tolling' of the AEDPA statute of limitations." *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) (quoting *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc)). To be eligible for equitable tolling due to mental impairment, the petitioner must show: (1) an impairment "so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing;" and (2) "diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, *including reasonably available access to assistance*." *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010) (emphasis added). In the present case, Petitioner was able—with the assistance of "jail-house litigates"—to file a state habeas petition on October 20, 2009. Petitioner has not shown that his condition after December 21, 2009 (when the California Superior Court denied his state habeas petition) was significantly worse than before October 20, 2009. Accordingly, the Magistrate Judge correctly concluded that Petitioner failed to show that his late filing of the Petition was caused by any mental impairment. *See, e.g., Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (petitioner was

- 3 -                                                                                                10cv2109

not entitled to equitable tolling for mental impairments during period in which he was able to file several state habeas petitions raising the same arguments he presented in his federal habeas petition); *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (equitable tolling was inapplicable where petitioner failed to show causal connection between physical and mental disabilities and inability to timely file petition, especially because petitioner was able to prepare and file several state habeas petitions at around the same time), *amended by* 447 F.3d 1165 (9th Cir. 2006).

Finally, because the Magistrate Judge determined that two of Petitioner's four claims were unexhausted, Petitioner requests that the Court stay his exhausted claims and allow him to return to state court to exhaust the two unexhausted claims before proceeding on his Petition. However, in light of the dismissal based on the statute of limitations, the Court does not reach this argument.

## CONCLUSION

Having conducted a second *de novo* review of the Report and Recommendation and having considered Petitioner's objections thereto, the Court again **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** the Petition **with prejudice** as time-barred.

Moreover, because jurists of reason would not disagree with the Court's determination of the statute of limitations question and because this question does not deserve encouragement to proceed further, the Court **DENIES** the certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).

**IT IS SO ORDERED.**

Date: May 11, 2012

Honorable Roger T. Benitez
United States District Judge